IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROBERT SEALS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 19-cv-1350-NJR |
|  | ) |  |
|  | ) |  |
| TORI, LORI DAMMERMANN, | ) |  |
| TERRENCE CASEY, ANGELA | ) |  |
| COWELL, and KARIMI, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Seals is currently housed at Chester Mental Health Center ("Chester"). He brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he is not being provided with proper mental health treatment in violation of the Eighth and/or Fourteenth Amendments as well as the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: He suffers from several mental health conditions including bipolar disorder, anxiety, and depression (Doc. 1, p. 6). Since arriving at Chester, Defendants have denied him treatment and have covered up his diagnosis (*Id*.). He does not have access to mental healthcare or programming, including group care, schooling, and other daily activities (*Id*. at pp. 5-6). Instead, Defendants ignore his symptoms and refuse to look into new medications to treat his condition (*Id*.). As a result of their failure to provide him with proper care and programming, Plaintiff's mental health has deteriorated.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

**Count 1:** **Defendants failed to provide Plaintiff with proper mental health care and programming in violation of the Eighth or Fourteenth Amendment.**

**Count 2:** **Defendants violated the ADA and/or RA by not providing him with proper programming for his mental illness.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Count 1

It is not readily apparent to the Court whether Plaintiff is a pretrial detainee or a convicted individual. His Complaint is silent as to his status and his Motion for Leave to Proceed *In Forma*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

*Pauperis* (Doc. 2) merely states that he is incarcerated. The Eighth Amendment standard for medical deliberate indifference is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the other hand, if he was a pretrial detainee, Plaintiff's claim is governed by the Fourteenth Amendment, where he must demonstrate that the medical treatment provided was objectively unreasonable. *Miranda v. Cty Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

Under either standard, Plaintiff states a claim against for failing to provide him proper treatment for his mental illness. Accordingly, Count 1 shall proceed against Tori, Dammermann, Casey, Cowell, and Karimi.

### Count 2

At this stage, Plaintiff also states a viable claim for violation of the ADA and/or the RA because he alleges that he is not being allowed access to group programming and schooling that he needs for his mental illness. Plaintiff's claim cannot proceed against the individual defendants, however, because individuals cannot be sued under the ADA or the RA. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). As such, Chester Mental Health Center Director (official capacity only) will be added to the case. The official capacity claims against the other defendants are **DISMISSED without prejudice**.

### Disposition

For the reasons stated above, Count 1 shall proceed against Tori, Lori Dammermann, Terrence Casey, Angela Cowell, and Karimi. Count 2 shall proceed against Chester Mental Health Center Director.

The Clerk is **DIRECTED** to **ADD** Chester Mental Health Center Director (official capacity only) to the docket as a defendant for Count 2. All other official capacity claims against the defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Tori, Lori Dammermann, Terrence Casey, Angela Cowell, Karimi, and Chester Mental Health Care Director (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 2/11/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**